UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| REGINALD GILBERT-BEY, ) <br> ) <br> Petitioner, ) <br> ) <br> V. ) <br> ) <br> THOMAS SMITH, Warden, ) <br> ) <br> Respondent, ) | Civil No. 17-102-HRW <br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Reginald Gilbert-Bey is confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, Gilbert-Bey has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1] This matter is before the Court for initial screening pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In April 1993, Gilbert-Bey was sentenced to 360 months imprisonment for possession with intent to distribute cocaine and conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A), 846. *United States v. Gilbert-Bey*, No. 6: 92-CR-24 (E.D. Tex. 1992). After application of appropriate prior custody credits and good conduct time (less amounts disallowed or forfeited for disciplinary infractions), Gilbert-Bey's projected release date is currently October 11, 2018.

1

As his release date approached, beginning in November 2014 Gilbert-Bey filed numerous requests with the Bureau of Prisons ("BOP") to serve the last portion of his sentence in a Residential Reentry Center ("RRC"). [D. E. No. 11-4] Federal law expressly provides that the BOP "shall, to the extent practicable, ensure that a prisoner ... spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c).

Notwithstanding Section 3624(c)'s 12-month limit on RRC placements, Gilbert-Bey sought a longer placement, relying upon the BOP's broader authority under 18 U.S.C. § 3621(b) to designate federal inmates to any correctional facility. The BOP denied those requests, concluding that Section 3624(c) limits RRC placements for transition assistance to twelve months, and hence a pre-release plan addressing RRC placement would not prepared until approximately 17-19 months before his anticipated release date. In 2017, the BOP rejected Gilbert-Bey's separate grievances which contended that the agency had not established formal rules to guide staff discretion in deciding his RRC duration and that staff had failed to make an individualized assessment of his re-entry needs. [D. E. No. 11-10 to 11-15]

In February 2017, Gilbert-Bey sent a letter to the sentencing court requesting that the presiding judge issue a recommendation to the BOP that he be placed in a

RRC for 12-18 months. The Court denied the request, noting that 18 U.S.C. § 3624(c) limits RRC placements to twelve months; that the sentencing court's recommendation regarding prison placement is made when the sentence commences under 18 U.S.C. § 3621(b)(4) not at its conclusion when RRC placement is being considered; and that applicable BOP guidelines indicate that six months placement is appropriate for Gilbert-Bey.

By October 2017, Gilbert-Bey had been recommended for a RRC placement of up to 180 days. [D. E. No. 11-15 at 6] However, due to crowded conditions at most RRC facilities, by January 2018 the Residential Reentry Manager's Office approved only 92 days RRC placement. [R. 11-8]

Through his petition, Gilbert-Bey challenges the decision of the BOP to place him in a RRC for a period of twelve months or less. Gilbert-Bey contends that the BOP's decision is inconsistent with 18 U.S.C. § 3621(b), 18 U.S.C. § 3624(c), and 42 U.S.C. § 17541, and that a longer placement would be beneficial in assisting him to make a smooth transition in life following decades of incarceration. He further contends that RRC placement decisions are made based upon informal agency guidelines rather than formally-promulgated agency regulations, and that his extensive involvement with rehabilitative programming warrants a longer placement. [D. E. No. 2] Gilbert-Bey makes clear that his claim is not that the

3

BOP's decision is unconstitutional, but that it is contrary to the relevant statutes and constitutes and arbitrary and capricious decision. *Id.* at 17-18.

For Gilbert-Bey, an inmate who has been incarcerated for more than two decades, a longer placement in a RRC for assistance transitioning back to free society certainly would have been preferable, but the shorter placement directed by the BOP is not contrary to the relevant statutes or pertinent regulations.

Gilbert-Bey is correct that 18 U.S.C. § 3621(b), which guides the BOP's discretion when making prison placement decisions generally, does not in every circumstance limit RRC placements to twelve months. Cf. *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 250 (3rd Cir. 2005). This is because RRC placements may be appropriate well before the last period of an inmate's period of incarceration for any number of reasons, including permitting inmate employment, maintaining relationships with and providing caregiving to children and family, and as an incentive to cooperating witnesses. *Iacaboni v. United States*, 251 F.Supp.2d 1015, 1022-23 (D. Mass. 2003). But where the purpose of the RRC placement is to assist an inmate to transition back to society at the conclusion of his or her sentence, 18 U.S.C. § 3624(c) is directly applicable and limits such placements to twelve months. *Muniz v. Sabol*, 517 F. 3d 29, 38-40 (1st Cir. 2008); *Medcalf v. Dewalt*, No. 07-CV-193-JBC, 2008 WL 906475, at *8-11 (E.D. Ky. Apr. 1, 2008). The BOP's actions in limiting Gilbert's RRC placement to twelve months and not creating a prerelease

4

plan until 17-19 months before his then-presumptive release date were entirely consistent with the pertinent statutes. *Sacora v. Thomas*, 628 F. 3d 1059, 1064-68 (9th Cir. 2010).

Enacted as part of the Second Chance Act, 34 U.S.C. § 60541 (formerly 42 U.S.C. § 17541) directs the BOP to implement personal, educational, and vocational programs as part of "prisoner reentry strategy to help prepare prisoners for release and successful reintegration into the community." Section 60541(a)(1)(G) permits the BOP to establish incentives for participation which *may* include granting the maximum allowable period in a RRC. 42 U.S.C. § 60541(a)(2)(A). However, this discretionary authority does not require the BOP to grant a 12-month RRC placement to inmates who complete available programming, nor does it create a twelve-month placement scheme that is independent of Section 3624(c). *Crim v. Benov*, No. , 2011 WL 1636867, at *8-11 (E.D. Cal. Apr. 29, 2011) (holding that "the form, manner, and scope of such incentives is left entirely to the discretion of the BOP.") (collecting cases).

Gilbert also complains that decisions regarding RRC placement are made by BOP staff without the benefit of formal regulations promulgated by the BOP to guide that discretion. But the BOP has, in fact, promulgated formal regulations regarding RRC placement, 28 C.F.R. §§ 570.20 - .22, and has supplemented those regulations with extensive and detailed guidance found in internal policy documents, including

5

BOP Program Statement 5325.07 ("Release Preparation Program") and Program Statement 7310.04 ("Community Corrections Center Utilization and Transfer Procedures"). Gilbert points to no statute or positive source of law which requires more than that.

Finally, Gilbert suggests that the BOP's decision regarding RRC placement for him was arbitrary and capricious. Ordinarily, the operative provisions of the Administrative Procedures Act ("APA") permit judicial review of agency action to determine if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). However, the judicial review provisions of the APA do not apply where a "statute[] preclude[s] judicial review," 5 U.S.C. § 701(a)(1). Federal law expressly insulates the BOP's discretionary determinations under Section 3621(b) and Section 3624(c) from judicial review. 18 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). The Court therefore may not review the BOP's determination regarding the amount of time a particular inmate is assigned to a RRC for an abuse of discretion. *Boulware v. Federal Bureau of Prisons*, 518 F. Supp. 2d 186, 188 n.3 (D.D.C. 2007); *Bernard v. Roal*, 716 F. Supp. 2d 354, 358-61 (S.D.N.Y. 2010); *Zuspan v. O'Brien*, No. 1: 13-CV-167, 2013 WL 6805574, at *4 (N.D. W.Va. Dec. 20, 2013).

Because Gilbert has not established a viable legal ground to undermine the BOP's determination regarding his placement in a RRC, his petition must be denied.

Accordingly, it is **ORDERED** as follows:

1.  Petitioner Gilbert-Bey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2.  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

3.  This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 13th day of February, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge